## LENNON v. INGERSOLL.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

APPEAL AND ERROR—FINDING OF REFEREE—EFFECT.

     Where the performance of a contract, and the making of certain payments on the account sued on, interposed as defenses to the action, were litigated on the trial before a referee, his report finding for the plaintiff, though making no direct reference to the performance of the contract, must be considered as disposing of the entire controversy in plaintiff's favor.

Appeal from judgment on report of referee.

Action by Joseph Lennon against Charles D. Ingersoll. From a judgment for plaintiff on a referee's report, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles D. Ingersoll, in pro. per.

George H. Furman, for respondent.

GOODRICH, P. J. The plaintiff brings this action to recover for plumbing and other work and materials furnished by him to the defendant in his house at Islip, between June 17, 1891, and March 28, 1894. An itemized bill, amounting to $738.77, was annexed to the complaint, which admitted payment of $176, and prayed judgment for the balance, $562.77. The answer admitted that the plaintiff did some work and furnished some materials, and alleged that the defendant had fully paid the plaintiff, and that such payments amounted to $750, instead of $176. A further separate defense was set up, but not as a counterclaim, that between the dates named in the complaint the plaintiff sold materials and performed work for the defendant, a part of which was certain work which was to be of a guarantied character and at an agreed price; that the plaintiff did not perform such contracts, but furnished imperfect and inferior goods, and did the work in a negligent and imperfect way, and charged in his account items which were to have been included in the contract work; and that the defendant had paid the plaintiff the $750, which was all that the entire work and goods were worth. The plaintiff served a reply, in which he admitted the payment of $750, but alleged that all of that sum, except the $176, was paid on the contract work, viz.:

"Feb. 27, 1892.

| | | |
|---|---:|---:|
| Fixtures in bath room at an agreed price of............... | $170 00 | |
| Slop sink............................................. | 35 00 | |
| New closet, 2d floor................................... | 78 00 | |
| Tile floor.............................................. | 65 00 | |
| Dressing room......................................... | 8 00 | |
| Nursery sink.......................................... | 8 00 | |
| Closet in gent's toilet................................. | 64 00 | |
| | | $428 00 |
| Furnace contract amounting to......................... | | 146 00 |
| | | |
| Total ............................................ | | $574 00" |

It is true that the reply was not made necessary by the setting up of any counterclaim in the answer, but it was accepted and retained by the defendant, and, a reference having been made of the issues thus framed, the trial was had on that theory of pleading. The referee briefly found, as matter of fact, that between the dates named the plaintiff had delivered materials to, and performed work for, the defendant, amounting to $738.77, which amount the defendant agreed to pay, and that, with the exception of the $176, no part had been paid. As conclusion of law, he found that the plaintiff was entitled to judgment for the balance, with interest.

From an examination of the referee's report alone, we are unable to say, except inferentially, that he came to any conclusion as to the proper performance of the contract work. If the defendant had set up as a counterclaim his present contention, that the plaintiff

failed properly to perform the contract work, and that the payments made by the defendant were all made on the account, we could easily conclude, on a reading of the evidence, that the defendant's contention was not sustained. But the evidence shows that the due performance of the contract work and the furnishing of the account work were both subjects of litigation and sharp dispute on the trial. We must therefore accept the report as a virtual disposition of the entire controversy, both as to the contract and as to the account. Thus, it appears that the contract work amounted to $574, and the account to $738.77, aggregating $1,312.77. Deducting the payments of $750, a balance of $562.77 remained due to the plaintiff. In this view, it is immaterial whether the defendant intended the payments to be applied to the account or on the contracts.

The judgment should be affirmed, with costs. All concur.